IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD ROSCOE OLDHAM,

       Plaintiff,       1: 08 CV 0449 AWI WMW PC

  vs.       FINDINGS AND RECOMMENDATION RE MOTION FOR INJUNCTIVE RELIEF (DOCS 7, 9, 10)

DEPT. OF CORRECTIONS, et al.,

       Defendants.

      Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CTF Soledad, brings this civil rights action against correctional officials at North Kern State Prison, challenging the adequacy of his medical care. Pending before the court is Plaintiff's motion for injunctive relief. Plaintiff seeks an order directing officials at Soledad to provide him with certain medical treatments.

      The court must have personal jurisdiction over the parties to be enjoined; it may not enjoin defendants not yet served or before the court. Zepeda v. United States I.N.S., 753 F.2d 719, 727 (9th Cir. 1983). None of the defendants named in this lawsuit are employed at Soledad. Further, Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,

1

454 U.S. 464, 471,(1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). By order issued July 7, 2008, the court dismissed plaintiff's amended complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Thus, at this point in time, there is no case or controversy before the court, and the court has no jurisdiction to issue any preliminary injunctions.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 16, 2009**              **/s/  William M. Wunderlich**
                                           UNITED STATES MAGISTRATE JUDGE