# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ROSCOE OLDHAM, | CASE NO. 1:08-cv-0449 AWI WMW PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| CDCR, et al., | (Doc. 1) |
| Defendants. | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 27, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

1

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

The events at issue in this action occurred North Kern State Prison, where Plaintiff was housed at the time of the events complained of. Plaintiff is seeking injunctive relief in the form of an order directing medical officials to provide him with particular medical care and treatment. Plaintiff names the CDCR, the Warden at North Kern, the Chief Medical Officer at North Kern, and "Doctors, Nurses and MTAs."

Plaintiff's claim is that when he arrived at North Kern, he had a documented medical condition - degenerative disc disease. Plaintiff was seen by a doctor on February 15, 2008, but "defendant's medical did not prescribe any pain medication until 3/19/08." Plaintiff has been in constant pain since his arrival at North Kern. Plaintiff is now housed at the California Training Facility at Soledad

### A.     Eighth Amendment Medical Care Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

1  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th
2  Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a
3  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
4  by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay
5  in receiving medical treatment, the delay must have led to further harm in order for the prisoner to
6  make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely
7  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

8        To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under
9  color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal
10 law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives
11 another of a constitutional right, where that person 'does an affirmative act, participates in another's
12 affirmative acts, or omits to perform an act which [that person] is legally required to do that causes
13 the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)
14 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection
15 can be established not only by some kind of direct, personal participation in the deprivation, but also
16 by setting in motion a series of acts by others which the actor knows or reasonably should know
17 would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

18       Though Plaintiff has alleged facts indicating that medical officials in general knew of his
19 condition and failed to provide him with pain medication for 30 days, he does not specify who failed
20 to do so.  Plaintiff must specifically identify an individual defendant, and allege facts indicating that
21 defendant knew of and disregarded a serious risk to Plaintiff's health.  Plaintiff may not hold medical
22 officials in general liable.  He must identify individual defendants and charge those defendants with
23 conduct that constitutes the deprivation of a protected interest as that term is defined above.

24       **III.**    **Conclusion and Order**

25       The Court has screened Plaintiff's complaint and finds that it does not state any claims upon
26 which relief may be granted under section 1983.  The Court will provide Plaintiff with the
27 opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.
28 Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not

1  change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George</u>,
2  507 F.3d at 607 (no "buckshot" complaints).

3      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
4  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
5  <u>Hydrick</u>, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
6  [sufficient] to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic Corp. v.</u>
7  <u>Twombly</u>, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

8      Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
9  <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567
10 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
11 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
12 complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing
13 to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at
14 1474.

15      Accordingly, based on the foregoing, it is HEREBY ORDERED that:

16    1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

17    2.    The Clerk's Office shall send Plaintiff a complaint form;

18    3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
19        amended complaint;

20    4.    Plaintiff may not add any new, unrelated claims to this action via his amended
21        complaint and any attempt to do so will result in an order striking the amended
22        complaint; and

23    5.    If Plaintiff fails to file an amended complaint, the Court will recommend that this
24        action be dismissed, with prejudice, for failure to state a claim.

26 IT IS SO ORDERED.

27 **Dated:   January 16, 2009**        **/s/  William M. Wunderlich**
                                                  UNITED STATES MAGISTRATE JUDGE